IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| JESUS SAUCEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-06-519 |
| PFIZER INC., AND | § | |
| ABIMAEL PEREZ, M.D., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff's motion to remand this case back to state court (D.E. 13). For the reasons set forth below, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby GRANTS Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 06-02-44221-CV.

**I.   Factual and Procedural Background**

Plaintiff Jesus Sauceda filed his original state court petition against Pfizer Inc. ("Pfizer") and Abimael Perez, M.D. on February 6, 2006. (Plaintiff's Original Petition ("Petition") (Exh. 2(B) to Notice of Removal)). Plaintiff alleges that Pfizer "did manufacture, design, package, market, sell and distribute" the drug Celebrex, a prescription drug designed to treat pain through

reduced inflammation. (Petition, ¶ VII). Plaintiff alleges that he took Celebrex for pain relief, and as a result of his ingestion of Celebrex, Mr. Sauceda "suffered a heart attack, and other subsequent injuries". (Petition, ¶ VI). Plaintiff alleges several causes of action against Pfizer, including negligence, fraud and breach of warranties. (Petition, ¶¶ VII-IX).

Plaintiff also alleges that Abimael Perez, M.D. prescribed Celebrex to Plaintiff, and that Dr. Perez failed to warn and/or negligently prescribed Celebrex to Plaintiff. (Petition, ¶ X).

Pfizer was served with Plaintiff's Original Petition on November 1, 2006, and Dr. Perez was served on November 15, 2006. (Notice of Removal, p. 19; Exh. 2(A) to Notice of Removal (State Court Docket Sheet)). On November 22, 2006, Pfizer removed the action to this Court, alleging diversity jurisdiction. (Notice of Removal, p. 4).[1] See 28 U.S.C. § 1332. Pfizer claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and Pfizer is a citizen of New York and Delaware.[2] (Notice of Removal, p. 4). Pfizer acknowledges that the other named Defendant, Abimael Perez, M.D., may be a Texas citizen like

---

[1] Pfizer did not obtain the consent of Dr. Perez to remove the case. (Notice of Removal, p. 19). Pfizer contends that Dr. Perez' consent is not necessary because he was not properly joined in the case. (Id.).

[2] Pfizer is incorporated in Delaware and maintains its principal place of business in New York. (Notice of Removal, p. 4).

Plaintiff.  (Id. at p. 4).  However, Pfizer argues that Dr. Perez was improperly joined to defeat diversity.  (Id. at pp. 4-17).  For the reasons stated below, the Court finds that Dr. Perez was properly joined, and that the Court lacks subject-matter jurisdiction over this action.

**II.  Discussion**

    **A.  Improper Joinder**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in Plaintiff's Original Petition, Pfizer establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against nondiverse Defendant Dr. Perez.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of

the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder. See Smallwood, 385 F.3d at 573. If Pfizer fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1332, 1447(c).

Plaintiff claims in his Original Petition that Dr. Perez "negligently prescribed" Celebrex to Plaintiff and/or failed to warn Plaintiff about Celebrex's known side effects. (Petition, ¶ X). As noted above, as long as Plaintiff could conceivably recover damages from nondiverse Defendant Dr. Perez, the action must be remanded.

### B. **Plaintiff's Original Petition Pleads a Medical Malpractice Claim Against Dr. Perez**

Under Texas law, the elements of a medical malpractice claim

are as follows:

    (1)  a duty owed by the defendant physician to the plaintiff;
    (2)  a breach that duty;
    (3)  injury or harm to the plaintiff; and
    (4)  a causal connection between the breach and the injury or harm.

See Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).

Plaintiff specifically alleges the following regarding Defendant Dr. Perez:

> Defendant, ABIMAEL PEREZ, M.D. prescribed Celebrex to Plaintiff.  Plaintiff ingested the prescribed Celebrex, and as a result suffered a heart attack and subsequent injuries.  Defendant, ABIMAEL PEREZ, M.D., failed to warn and/or negligently prescribed the medication Celebrex to Plaintiff.

(Petition, ¶ X).

Under Texas law, this type of affirmative act – prescribing medication – gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give rise to a malpractice action." Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App.--Fort Worth 2004) (citing Reynosa v. Huff, 21 S.W.3d 510, 513 (Tex. App.--San Antonio 2000)).  Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App.--Austin 2000).  Accordingly, Plaintiff sufficiently pleads the first

element of a medical malpractice claim in his Original Petition. (Petition, ¶ X). Moreover, by its very definition, a claim of negligence is a claim that Dr. Perez breached his duty to Mr. Sauceda, by not exercising the applicable standard of care. <u>See</u>, <u>e.g.</u>, <u>Dunnings v. Castro</u>, 881 S.W.2d 559, 561 (Tex. App.--Houston 1994) (stating that "[n]egligence is defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm"); <u>Karnes City v. Kendall</u>, 172 S.W.3d 624, 629 (Tex. App.--San Antonio 2005) (same). Therefore, Plaintiff also adequately pleads the second element of a medical malpractice claim. (Petition, ¶ X). Likewise, Plaintiff sufficiently pleads the third and fourth elements of a medical malpractice claim, because he alleges that his heart attack and subsequent injuries were caused by Celebrex negligently prescribed by Dr. Perez. <u>See</u> <u>Hollis</u>, 323 F.3d at 336; Petition, ¶ X.[3]

---

[3]Pfizer argues that Plaintiff cannot recover against Dr. Perez on a medical malpractice theory because Plaintiff did not serve an expert report within the time limit set by Tex. Civ. Prac. & Rem. Code § 74.351. (Notice of Removal, pp. 14-17). Pursuant to the statute, if a Plaintiff asserts a health care liability claim, then he has 120 days from filing to serve an expert report on each party or party's attorney, or the case will be subject to dismissal "***on the motion of the affected physician or health care provider***". Tex. Civ. Prac. & Rem. Code § 74.351 (emphasis added). In this case, Plaintiff filed his Original Petition on February 6, 2006, so 120 days have passed since the date of the filing. However, there is no record of Dr. Perez filing a motion seeking dismissal of the case pursuant to Section 74.351. (<u>See</u> generally, Exhibits to Notice of Removal). The statute is clear that the case is to be dismissed "***on the motion of the affected physician***". Tex. Civ. Prac. & Rem. Code § 74.351 (emphasis added). In this case, there is no such motion. Accordingly, Plaintiff's medical malpractice

Accordingly, in his Original Petition Plaintiff adequately pleads a cause of action against Dr. Perez for medical malpractice under Texas law.[4]

## C.  **Other Fraudulent Joinder Cases**

In support of removal, Pfizer cites cases where it alleges that "federal courts ... have concluded that removal was appropriate and that the non-diverse defendant was improperly joined." (Notice of Removal, p. 13). This Court finds that these cases are all distinguishable from the instant case.

Fist, Pfizer cites two cases that do not even pertain to prescribing physicians--rather, these cases pertain to *pharmacy*

---

claim against Dr. Perez is still viable, precluding a finding of fraudulent joinder.

[4] Of note, Pfizer argues that Plaintiff cannot recover against Dr. Perez because Plaintiff claims that Pfizer concealed Celebrex's dangers, accordingly Dr. Perez could not have known of the problems associated with Celebrex. (Notice of Removal, p. 11). However, Rule 48 of the Texas Rules of Civil Procedure allows parties to plead alternate theories of recovery, even if the allegations are inconsistent with one another. See Tex. R. Civ. P. 48 ("A party may also state as many separate claims or defenses as he has regardless of consistency"); see also Texas Gen. Indemnity Co. v. Sheffield, 439 S.W.2d 431, 434-35 (Tex. Civ. App. 1969) ("there were two alternative and inconsistent allegations in the plaintiff's former petition ... [s]uch pleading is permitted by Rule 48, Texas Rules of Civil Procedure. An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute an admission."). Plaintiff in this case pleads two alternative and inconsistent theories: one theory that Dr. Perez failed to warn Plaintiff about the dangers of Celebrex, and another theory that Pfizer failed to warn Plaintiff and others in the healthcare community about the drug's dangers. (Petition, ¶¶ VII-X). This type of pleading is explicitly permitted by Texas Rule of Civil Procedure 48.

*defendants*, and the cases do not address Texas law. See <u>Louis v. Wyeth-Ayerst Pharm.</u>, Case No. C-00-102-LN, slip. op. at pp. 3-9 (S.D. Miss. Sept. 25, 2000) (applying Mississippi law) and <u>Strickland v. Brown Morris Pharmacy, Inc.</u>, 1996 WL 537736, *2 (E.D. La. 1996) (applying Louisiana law). Moreover, unlike the instant litigation, in <u>Strickland</u>, the drug at issue was an over-the-counter preparation called "Primatene Mist," where no prescription or doctor visit was required to obtain the medicine. See <u>Strickland</u>, 1996 WL 537736 at *1.

Pfizer also cites <u>Whatley v. Nastech Pharm. Co., Inc.</u>, Case No. C-03-162-GR, slip. op. at 3-5 (S.D. Miss. June 24, 2003), another case applying Mississippi, rather than Texas, law. In <u>Whatley</u>, the court found that the defendant doctor was improperly joined because Plaintiff pled inconsistent theories of recovery as to the defendant doctor and the drug manufacturer. See <u>id.</u> at pp. 3-5. However, whereas <u>Whatley</u> is a Mississippi case applying Mississippi law, Texas law applies in the instant case, and Texas law *explicitly permits a plaintiff to plead alternate and inconsistent theories of recovery*. See Tex. R. Civ. P. 48.

Pfizer also cites <u>Jones v. Am. Home Prods. Corp.</u>, 344 F.Supp.2d 500 (E.D. Tex. 2004) and <u>Chiles v. Am. Home Prods. Corp.</u>, Case No. C-03-802-A, slip. op. (N.D. Tex. Sept. 26, 2003). These are both vaccine cases, where Plaintiffs claimed that their minor children were injured by Thimerosal contained in childhood

vaccines. These cases are not comparable to the instant case, because they are vaccine cases, subject to Tex. Fam. Code § 32.103(b) (imposing limitations on liability of physicians and healthcare providers for childhood vaccinations). See Jones, 344 F.Supp.2d at 502. In fact, the court in Jones explicitly stated that "***The fact that this is an immunization case puts it in a different category than other drug cases***[,] because Texas statutes impose strict limitations on the possibility of recovery against those who immunize children in Texas." Id. at 502 (emphasis added). Moreover, in both of the vaccine cases cited by Pfizer, the Plaintiffs did not directly allege negligence against the children's treating physicians. See Jones, 344 F.Supp.2d at 503-04; Chiles at p. 3. In contrast, the Plaintiff in the instant case does directly allege negligence against Dr. Perez.

Finally, in Estate of Flores v. Merck & Co., Inc., Case No. C-03-362 (S.D. Tex. Mar. 15, 2004), the *only* allegation that directly referred to the prescribing doctor was that "Plaintiff Decedent was prescribed Vioxx by defendant Dr. Fuentes" (no specific allegation that the doctor *negligently* prescribed a drug to the patient). Id. at p. 2. This is in contrast to the instant case, where Plaintiff specifically alleges that Dr. Perez negligently prescribed Celebrex to the Plaintiff. (Petition, ¶ X).[5]

---

[5]The Court notes that in another section of its Notice of Removal, Pfizer also cites In re Rezulin, 133 F.Supp.2d 272, 295 (S.D.N.Y. 2001), to support its contention that Dr. Perez was

Additionally, this Court has reviewed other cases dealing with the same issue. See, e.g., Eller v. Merck & Co., Inc., Case No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined.); Garza v. Heart Clinic, P.A., Case No. M-03-087 (S.D. Tex. July 31, 2003) (same); Denny v. Merck & Co., Inc., Case No. C-03-510 (E.D. Tex. Apr. 19, 2004) (same).

This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As noted above, this Court concludes that Plaintiff adequately pleads a cause of action for medical malpractice against nondiverse Defendant Dr. Perez. Accordingly, the Court concludes that the prescribing physician in this case was not improperly joined.

## III. Conclusion

For the reasons stated above, Defendant Pfizer has not met its heavy burden of showing improper joinder. Therefore, the Court does not have subject-matter jurisdiction over this action. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the

---

improperly joined. (Notice of Removal, p. 12). However, in contrast to the instant case, in Rezulin the court found that it was "impossible to determine" from the face of the complaint that the doctor defendant was even a physician, since the complaint's *only* reference to the doctor defendant was a statement that he was a "resident of Calhoun County, Alabama, and over the age of nineteen (19) years." Id. The court stated that "In fact, it is impossible to determine anything about [the doctor defendant], because he is not mentioned in the complaint, other than in this introduction. He simply is included in all of the allegations against 'defendants' in general." Id.

79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. Cause No. 06-02-44221-CV.

SIGNED and ENTERED this 26th day of December, 2006.

_____
Janis Graham Jack
United States District Judge